UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH PATTON,                    CASE NO. 4:10-CV-12790

              Petitioner,              JUDGE MARK A. GOLDSMITH

                         MAGISTRATE JUDGE PAUL J. KOMIVES

    v.

ARCHIE LONGLEY,

              Respondent.
_____/

## REPORT AND RECOMMENDATION

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.    <u>REPORT</u>:

A.    *Procedural History*

1.    Petitioner Joseph Patton is a former state prisoner. At the time he filed his application, petitioner was incarcerated at the Federal Correctional Institution-McKean in Bradford, Pennsylvania, having been released on parole from his state sentence.

2.    On February 7, 2007, petitioner pleaded no contest to embezzlement of an amount of $20,000 or more but less than $50,000, MICH. COMP. LAWS §

1

750.1745(5)(a), in the Oakland County Circuit Court.   On February 27, 2007, he was sentenced to a term of 23 months to 10 years' imprisonment.

3.     Petitioner sought and was granted leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

    I.     Defendant's Right to a Speedy Trial Under Federal and State Constitutions were violated.
    II.    Defendant's Right to Due Process under Federal and State Constitutions were violated.
    III.   Prosecution is in Violation of the Interstate Agreement on Detainers Act; Federal Prison Officials are also in violation of IAD.
    IV.    Defendant should be Awarded Credit toward his sentence for the time he spent in Federal Custody.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence.   *See People v. Patton*, 285 Mich. App. 229, 775 N.W.2d 610 (2009).

4.     Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court.   The Supreme Court denied petitioner's application for leave to appeal in a standard order.   *See People v. Patton*, 485 Mich. 1119, 779 N.W.2d 255 (2010).

5.     Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on July 15, 2010.   As grounds for the writ of habeas corpus, he raises the four claims that he raised in the state courts.

6.       Respondent filed his answer on February 22, 2011.   He contends that petitioner's claims either are without merit or are state law claims which are not cognizable on habeas review.

2

B.    *Factual Background Underlying Petitioner's Conviction*

The Michigan Court of Appeals summarized the relevant facts as follows:

> From January 1, 2002, to June 30, 2002, defendant embezzled more than $20,000 from Federal Mogul. In October 2002, a criminal complaint was filed in Oakland County and a warrant was issued for defendant's arrest; however, the prosecution was not able to locate defendant.
>
> The prosecution eventually learned that defendant was incarcerated in a federal penitentiary in Kentucky, and entered a detainer against him on February 23, 2006. However, federal authorities failed to inform defendant of the detainer until August 28, 2006, at which time defendant requested a final disposition of the embezzlement charge. Defendant was transferred to the custody of Michigan authorities on November 6, 2006. After the trial court denied defendant's motion to dismiss, defendant pleaded no contest to the embezzlement charge. Defendant reserved the right to appeal the trial court's order denying his motion to dismiss.

*People v. Patton,* 285 Mich. App. at 230-231, 775 N.W.2d at 613.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).   *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).   Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

3

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21

4

(citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th

5

Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.   *Speedy Trial (Ground 1)*

1.   *Clearly Established Law*

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. CONST. amend. VI.   The Supreme Court has adopted a balancing test for determining whether a delay between arrest or indictment and trial violates the Speedy Trial Clause.   Under this test, the Court must balance four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."   *Barker v. Wingo*, 407 U.S. 514, 530 (1972).   The length of delay and reason for delay factors are closely related. *See id.* at 531.   As the Supreme Court has explained, the length of delay factor

> is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, since, by definition, he cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. This latter enquiry is significant to the speedy trial analysis because ... the presumption that pretrial delay has prejudiced the accused intensifies over time.

*Doggett v. United States*, 505 U.S. 647, 651-52 (1992) (citations omitted); *see also*, *Barker*, 407 U.S. at 530 ("The length of the delay is to some extent a

6

triggering mechanism.   Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.").   Although there is no bright-line rule and the delay must be considered in light of the circumstances and complexities of the individual case, delay generally becomes presumptively prejudicial as it approaches one year. *Cf. Doggett*, 505 U.S. at 652 n.1.

With respect to the factor addressing the reason for the delay, the Court explained in *Barker* that "different weights should be assigned to different reasons." *Barker*, 407 U.S. at 531.  As the Ninth Circuit has explained,

> the following principles guide attribution of the delay to either the defense or the prosecution: A deliberate attempt to delay proceedings to hamper the defense counts heavily against the government. "A more neutral reason such as negligence or overcrowded courts should be weighed less heavily, but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." On the other hand, delay attributable to the defendant's own acts or to tactical decisions by defense counsel will not bolster defendant's speedy trial argument.

*McNeely v. Blanas*, 336 F.3d 822, 827 (9th Cir. 2003) (citations omitted) (quoting *Barker*, 407 U.S. at 531).  In other words, the "portions of delay which are attributable to the defendant or his counsel will not be considered for purposes of determining whether the defendant's right to a speedy trial has been violated."   *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (internal quotation omitted).

Finally, with respect to the prejudice factor, the Supreme Court has

explained that "unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence.  Of these forms of prejudice, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Doggett*, 505 U.S. at 654 (citations omitted) (quoting *Barker*, 407 U.S. at 532) (alternation in original).  When "the portion of the delay attributable to the Government's negligence far exceeds the threshold needed to state a speedy trial claim," the presumption of prejudice grows stronger and therefore the defendant's need to demonstrate actual prejudice diminishes.  *Id*. at 658.

### 2. *Analysis*

Petitioner contends that he was denied a speedy trial because the prosecuting attorney failed to notify him of the pending warrant while he was incarcerated in federal prison despite having knowledge of his whereabouts. The Court should conclude that petitioner is not entitled to habeas relief on this ground.

With respect to the first of the *Barker* factors, length of delay, the court of appeals did not err when it concluded that Petitioner was incorrect about the time frame of the case at hand. Petitioner claims that the time to consider whether his constitutional right to a speedy trial has been violated started in

8

October 2002, when the prosecution filed a criminal complaint against him. As the Court of Appeals correctly observed, "[t]he time for judging whether the right to a speedy trial has been violated runs from the date of defendant's arrest." *Patton,* 285 Mich. App. At 236, 775 N.W.2d at 616 (quoting *People v. Williams,* 475 Mich. 245, 261, 761 N.W.2d 208, 218 (2006)); *See also, United States v. Lovasco,* 431 U.S. 783, 788-89 (1977); *United States v. Marion,* 404 U.S. 307, 320-321 (1971). Petitioner was arrested[1] on November 6, and he pleaded guilty three months later. This short delay between arrest and trial falls far short of the time necessary to raise a presumption of prejudice. *See Cowart v. Hargett,* 16 F.3d 642, 646 (15th Cir. 1994)(citing *Doggett,* 505 U.S. at 652 n.1).

With respect to the next *Barker* factor, prejudice to the defendant, petitioner has failed to show that such prejudice occurred in this case. Petitioner claims that the prejudice that occurred against him was from the lengthy time period between the charges being filed against him until the time of his detainer, which was a period of 3 ½ years. As noted above this period is irrelevant to the speedy trial analysis. Petitioner pleaded guilty well within the one year presumptive prejudice cut-off. Furthermore, petitioner presented no evidence that his defense was impaired by the length of delay. The only argument petitioner puts forth to show prejudice is a claim of anxiety and

---

[1]Petitioner was incarcerated in a federal prison in Bradford, Pennsylvania on November 6th, this was the date that a detainer was lodged against him.

9

concern over the then pending embezzlement charge. This alone is not enough to establish prejudice sufficient to warrant relief. *United States v. Williams*, 557 F.3d 943, 949 (8th Cir. 2009) (internal quotation omitted) ("Oppression, anxiety, and concern of the accused are undoubtedly present to some degree in every case.   However, that alone does not establish prejudice where the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific circumstances."), particularly in light of the fact that petitioner was already incarcerated on other charges.

Finally, with respect to the last two *Barker* factors, the reason for the delay and the defendant's assertion of his right to a speedy trial, although these are important factors they do not warrant any further comment in light of the above analysis. The court should conclude petitioner's right to a speedy trial was not violated.

Thus, the court of appeals correctly applied the *Barker* factors and reasonably concluded that petitioner was not denied his right to a speedy trial. Accordingly, this court should conclude that petitioner is not entitled to habeas relief on this claim.

E.    *Pre-Indictment Delay*

Petitioner also argues that he was denied his right to due process of law based on a six month delay between the prosecutor obtaining knowledge of his whereabouts and notifying him of the pending charge and extraditing him for the arraignment. The Court should conclude that petitioner is not

10

entitled to habeas relief on this ground.

1.   *Clearly Established Law*

The Fifth Amendment provides, in relevant part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V.   The Supreme Court has indicated that, although statutes of limitations provide the "'primary guarantee against bringing overly stale criminal charges,'" where preindictment delay is involved "the Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)).[2]  The Sixth Circuit

> has consistently read *Lovasco* to hold that '[d]ismissal for pre-indictment delay is warranted only when the defendant shows [1] substantial prejudice to his right to a fair trial *and* [2] that the delay was an intentional device by the government to gain a tactical advantage.'

*United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992) (quoting *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982) (per curiam)) (emphasis and alterations in original).

2.   *Analysis*

Here, petitioner complains that he was denied his right to due process of law based on a lack of investigation by the prosecution into the defendant's

---

[2]Although the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial," U.S. CONST. amend. VI, this provision only applies after formal charges, i.e., an indictment, is pending.  Thus, the Sixth Amendment has no application to cases in which, as here, a defendant complains of preindictment delay.  *Lovasco*, 431 U.S. at 788-89; *Marion*, 404 U.S. at 320.

whereabouts, which resulted in a six month delay of the notification to him of the pending charge and extraditing him for the arraignment. However, petitioner has failed to satisfy either prong of the *Lovasco* test.

First, petitioner has failed to show that the delay in bringing charges against him was "an *intentional* device to gain a tactical advantage." *Brown*, 959 F.2d at 66 (emphasis added). This rule comports with decisions of the Supreme Court and other circuits. *E.g.*, *United States v. Gouveia*, 467 U.S. 180, 192 (1984) (Due Process Clause requires dismissal based on preindictment delay "if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him[.]"); *Marion*, 404 U.S. at 324 (same); *Jones v. Angelone*, 94 F.3d 900, 905 (4th Cir. 1996) (noting that every circuit except for the Fourth and Ninth require the defendant to show that "the government intentionally delayed the indictment to gain an unfair tactical advantage or for other bad faith motives.") (internal quotation omitted) (citing cases from First, Second, Third, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits). Here, petitioner has failed to offer any allegation or proof to show that the delay in charging him was a purposeful measure by the prosecution to gain a tactical advantage.

Second, petitioner has failed to establish actual prejudice to his right to a fair trial. *See Brown*, 959 F.2d at 66. "In demonstrating actual prejudice, the defendant's burden is a heavy one: the proof must be definite and not speculative, and the defendant must demonstrate how the loss of a witness

12

and/or evidence is prejudicial to his case." *United States v. Talbot*, 51 F.3d 183, 185 (9th Cir. 1995); *accord United States v. Jenkins*, 701 F.2d 850, 855 (10th Cir. 1983).   Here, petitioner alleges that the pre-arrest delay prevented him from contacting former, unnamed coworkers, because his former employer was no longer in business and its headquarters had been vacated.   However, petitioner has offered nothing in terms of a possible defense to the embezzlement charge nor does he provide any detail as to how the former coworkers could have supported such a defense.   As the courts have explained, "In order to establish prejudice for due process purposes, a defendant's allegations of prejudice must be specific, concrete and supported by the evidence[.]" *Alena v. Honorable Judges of the Cir. Ct. of Cook County*, 138 F.3d 302, 310 (7th Cir. 1998) (internal quotation omitted); *see also*, *Marion*, 404 U.S. at 325-26; *United States v. Mmahat*, 106 F.3d 89, 94 (5th Cir. 1997); *United States v. Moore*, 515 F. Supp. 509, 510 (S.D. Ohio 1981).

In this case, petitioner has failed to show either that the prosecution's delay in notifying him of the charges against him was an intentional tactic to gain an unfair advantage, or resulted in actual substantial prejudice to his ability to present a defense.   Accordingly, the Court should conclude that petitioner is not entitled to habeas corpus relief on this ground.

F.    *Interstate Agreement on Detainers (Ground 3)*

Petitioner argues that there has been a violation of the Interstate Agreement on Detainers and that his embezzlement charge should be dismissed. However, petitioner has failed to show

13

how the facts and circumstances of his case fit into one of the three circumstances that the Interstate Agreement on Detainers would allow for dismissal of his criminal charge. For this reason the Court should conclude that petitioner is not entitled to habeas relief on this ground.

      1.    *Clearly Established Law*

The plain language of the Interstate Agreement on Detainers expressly mandates dismissal of an indictment in only three circumstances, (1) if a prisoner, having been transferred to the receiving State, is returned to the sending State prior to the completion of trial; (2) if the receiving State fails to accept temporary custody of the prisoner after filing a detainer; and (3) if a prisoner is not brought to trial within the time periods proscribed by Articles III and IV, which respectively require trial within 180 days of a State receiving a prisoner's IAD request or within 120 days of a prisoner being transferred to a receiving State, when an officer of the receiving State requested that transfer. *See* Interstate Agreement on Detainers Act, § 2, art. III and IV, 18 U.S.C.A. App.

The courts have strictly interpreted the Interstate Agreement on Detainers, holding that criminal charges will dismissed only if there has been a violation of one of the three circumstances stated. *See United States. v. Lualemaga*, 280 F.3d 1260 (9th Cir. 2002)("The plain language of the IAD provides the remedy of dismissal only for certain violations of the IAD" ). The courts have reached the conclusion that the enumerated list of circumstances requiring dismissal is exclusive. *See* United States v. Pena-Corea, 165 F.3d 819, 821-22 (11th Cir.1999) (per curiam) (holding that the remedy of dismissal in IAD cases is limited to specifically stated circumstances); *Lara v. Johnson,* 141 F.3d 239, 243 (5th Cir.) (same), *opinion modified on other*

*grounds,* 149 F.3d 1226 (5th Cir.1998)." Thus if the facts surrounding the case do not fit into one of the three circumstances of the Interstate Agreement on Detainers, then the criminal charges will not be dropped.

      2.    *Analysis*

Here, petitioner complains that his embezzlement charge should be dropped because he was not promptly notified of the detainer that was lodged against him. Petitioner claims that not being promptly notified was a violation of the Interstate Agreement on Detainers. However, petitioner has failed to make a showing that this delayed notification falls within one of the three circumstances that the Interstate Agreement on Detainers allows for dismissal of criminal charges.

It is an uncontested fact that defendant was not notified of the detainer that was lodged against him in February 2006, until August 28, 2006. This is the six month delay that petitioner believes warrants a dismissal of his charge. Case law has established that in order to warrant a dismissal of charges for a violation of the Interstate Agreement on Detainers, the claim has to fall within three specific circumstances. *See Pena-Corea,* 165 F.3d at 821-22 (11th Cir.1999) (per curiam) (holding that the remedy of dismissal in IAD cases is limited to specifically stated circumstances). Anything outside these three circumstances will not warrant a dismissal of the charge. Petitioner's claim due to a six month delay of notification falls outside the three stated circumstances for dismissal. First petitioner's claim has nothing to do with being transferred to the receiving State, and returned to the sending State prior to the completion of trial. Second, petitioner's claim has nothing to do with the receiving State failing to accept temporary custody

15

of him after filing a detainer. Lastly, petitioner's claim has nothing to do with him not being brought to trial within the time periods proscribed by Articles III and IV, which respectively require trial within 180 days of a State receiving a prisoner's IAD request or within 120 days of a prisoner being transferred to a receiving State, when an officer of the receiving State requested that transfer.

Thus, petitioner has failed to show that his case falls within one of the three circumstances warranting dismissal of a criminal charge for a violation of the Interstate agreement on Detainers.   Accordingly, the Court should conclude that petitioner is not entitled to habeas corpus relief on this ground.

G.      *Sentence Credit (Ground 4)*

Finally, petitioner claims that the trial court erred in failing to award him credit for the time served in federal custody. This claim is not cognizable on habeas review. It is well established that habeas corpus relief is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst,* 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws."). "[T]he interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." *Travis v. Lockart,* 925 F.2d 1095, 1097 (8th Cir. 1991); *see also, Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Coates v. Bell,* No. 08-13773, 2010 WL 522841, at *8 (E.D. Mich. Feb. 9, 2010). Thus, even if

16

this claim is not rendered moot by petitioner having fully served his sentence, *see Lane v. Williams*, 455 U.S. 624, 631 (1982), it is not cognizable on habeas review. Accordingly, the court should conclude that the petitioner is not entitled to habeas relief on this claim.

H.    *Recommendation Regarding Certificate of Appealability*

1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.   *See* 28 U.S.C. § 2253(c)(1).   The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.   Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a

17

court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.   Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rule 11(a), 28 U.S.C. foll. § 2254.   The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."   FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.   In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

18

2.    *Analysis*

If the court accepts my recommendation on the merits, the Court should deny petitioner a certificate of appealability, for the reasons explained above. Petitioner has failed to meet the four *Barker* factors that warrant a speedy trial claim. Further, petitioner has failed to meet the criteria of the *Lovasco* test that would establish a pre-indictment delay claim. Additionally, petitioner's claim falls outside any of the three criteria necessary for criminal charges to be dropped under the Interstate Agreement on Detainers. Last, petitioner's claim for sentence credit is a state law issue not cognizable on habeas review. Accordingly, the court should conclude that petitioner is not entitled to a certificate of appealability.

I.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.    Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).    Failure to file specific objections constitutes a waiver of any further right of appeal.    *See*

19

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.   The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.   The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:  August 1, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 1, 2011.

s/Susan Jefferson
Deputy Clerk

20

21